<u>**STATISTICAL INFORMATION ONLY: Debtor must select the number of each of the following items included in the Plan.**</u>

| 0 | Valuation of Security | 0 | Assumption of Executory Contract or Unexpired Lease | 0 | Lien Avoidance |

**Last revised: September 1, 2018**

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

In Re:                                                              Case No.:        17-30877
David B. Field
Denise L. Field                                                     Judge:           JNP

Debtor(s)

## Chapter 13 Plan and Motions

☐ Original                    ☒ Modified/Notice Required                  Date: 12/28/2019

☐ Motions Included            ☐ Modified/No Notice Required

THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE

**YOUR RIGHTS MAY BE AFFECTED**

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the *Notice*. Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien. The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate. An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

**The following matters may be of particular importance. Debtors must check one box on each line to state whether the plan includes each of the following items. If an item is checked as "Does Not" or if both boxes are checked, the provision will be ineffective if set out later in the plan.**

THIS PLAN:

☐ DOES ☒ DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

☐ DOES ☒ DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULT IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

☐ DOES ☒ DOES NOT AVOID A JUDICIAL LIEN OR NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

Initial Debtor(s)' Attorney: __/s/ VAS__    Initial Debtor: __/s/ DF__    Initial Co-Debtor: __/s/ DF__

**Part 1: Payment and Length of Plan**

a. The debtor shall pay $ _151 x 26 mos & 159_ per _____month_____ to the Chapter 13 Trustee, starting on _____Jan 1, 2020_____ for approximately _____10_____ months for total plan of 36 months.

b. The debtor shall make plan payments to the Trustee from the following sources:

☒ Future earnings

☐ Other sources of funding (describe source, amount and date when funds are available):

c. Use of real property to satisfy plan obligations:

☐ Sale of real property
Description:
Proposed date for completion: _____

☐ Refinance of real property:
Description:
Proposed date for completion: _____

☐ Loan modification with respect to mortgage encumbering property:
Description:
Proposed date for completion: _____

d. ☐ The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

e. ☐ Other information that may be important relating to the payment and length of plan:

### Part 2: Adequate Protection ☒ NONE

    a. Adequate protection payments will be made in the amount of $ _____ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to _____ (creditor).

    b. Adequate protection payments will be made in the amount of $ _____ to be paid directly by the debtor(s) outside the Plan, pre-confirmation to: _____ (creditor).

### Part 3: Priority Claims (Including Administrative Expenses)

a. All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| CHAPTER 13 STANDING TRUSTEE | ADMINISTRATIVE | AS ALLOWED BY STATUTE |
| ATTORNEY FEE BALANCE | ADMINISTRATIVE | BALANCE DUE: $2500.00 |
| DOMESTIC SUPPORT OBLIGATION | N/A | |
| ATTORNEY SUPPLEMENTAL FEE | ADMINISTRATIVE | $505.95<br>*Subject to submission of fee application and court approval |

b. Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount: Check one:

☒ None

☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim pursuant to 11 U.S.C.1322(a)(4):

| Creditor | Type of Priority | Claim Amount | Amount to be Paid |
|---|---|---|---|
| | Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount. | | |

Case 17-30877-JNP   Doc 44   Filed 01/01/20   Entered 01/02/20 00:27:38   Desc Imaged
                    Certificate of Notice   Page 4 of 12

## Part 4: Secured Claims

### a. Curing Default and Maintaining Payments on Principal Residence: ☒ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

### b. Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears: ☒ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor will pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

### c. Secured claims excluded from 11 U.S.C. 506: ☒ NONE

The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral | Interest Rate | Amount of Claim | Total to be Paid through the Plan Including Interest Calculation |
|---|---|---|---|---|
|  |  |  |  |  |

**d. Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments**  ☒ **NONE**

1.) The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this Section ALSO REQUIRES
the appropriate motion to be filed under Section 7 of the Plan.**

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to be Paid |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |

2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

**e. Surrender**  ☐ **NONE**

Upon confirmation, the stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301 be terminated in all respects. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
| MidFirst Bank, Assignee of Nationstar Mortgage dba Mr. Cooper | 37 Meadowcreek Drive, Cape May Court House, NJ 08210 | $185,000.00 | Unknown |

**f. Secured Claims Unaffected by the Plan** ☐ **NONE**

The following secured claims are unaffected by the Plan:

Wells Fargo Bank NA dba Wells Fargo Dealer Services a/k/a Wells Fargo Auto Finance- Regular car payments to be made direct to creditor outside plan

**g. Secured Claims to be Paid in Full Through the Plan:** ☒ **NONE**

| Creditor | Collateral | Total Amount to be Paid Through the Plan |
|---|---|---|
|  |  |  |

## Part 5: Unsecured Claims ☐ NONE

a. **Not separately classified** allowed non-priority unsecured claims shall be paid:

☐ Not less than $ _____ to be distributed *pro rata*

☐ Not less than _____ percent

☒ *Pro Rata* distribution from any remaining funds

b. **Separately classified unsecured** claims shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|
|  |  |  |  |

**Part 6:    Executory Contracts and Unexpired Leases  ☒ NONE**

(NOTE: See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent assumption of non-residential real property leases in this Plan.)

All executory contracts and unexpired leases, not previously rejected by operation of law, are rejected, except the following, which are assumed:

| Creditor | Arrears to be Cured in Plan | Nature of Contract or Lease | Treatment by Debtor | Post-Petition Payment |
|---|---|---|---|---|
|  |  |  |  |  |

**Part 7:    Motions  ☒ NONE**

NOTE: All plans containing motions must be served on all potentially affected creditors, together with local form, *Notice of Chapter 13 Plan Transmittal*, within the time and in the manner set forth in D.N.J. LBR 3015-1. A *Certification of Service, Notice of Chapter 13 Plan Transmittal and valuation* must be filed with the Clerk of Court when the plan and transmittal notice are served.

a. Motion to Avoid Liens Under 11. U.S.C. Section 522(f).  ☒ NONE

The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |

**b. Motion to Avoid Liens and Reclassify Claim from Secured to Completely Unsecured.** ☒ NONE

The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor's Interest in Collateral | Total Amount of Lien to be Reclassified |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |

**c. Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured.** ☒ NONE

The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

## Part 8:   Other Plan Provisions

**a. Vesting of Property of the Estate**

☒ Upon confirmation

☐ Upon discharge

**b. Payment Notices**

Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

### c. Order of Distribution

The Standing Trustee shall pay allowed claims in the following order:

1) Ch. 13 Standing Trustee commissions

2) Priority Claims /Administrative

3) Secured Claims

4) Unsecured Claims

### d. Post-Petition Claims

The Standing Trustee ☒ is, ☐ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

## Part 9: Modification ☐ NONE

If this Plan modifies a Plan previously filed in this case, complete the information below.

Date of Plan being modified: 10/13/2017                    .

| Explain below **why** the plan is being modified:<br>MidFirst Bank, Assignee of Nationstar Mortgage dba Mr. Cooper, has obtained stay relief<br>Debtor's income has decreased significantly | Explain below **how** the plan is being modified:<br>Debtors are surrendering any interest they have in 37 Meadow Creek Drive, Cape May Court House to MidFirst Bank<br><br>Plan payment increasing slightly to offer same dividend to unsecureds as before with same length of plan and to pay supplemental attorney fee in plan |
|---|---|

Are Schedules I and J being filed simultaneously with this Modified Plan?    ☒ Yes    ☐ No

## Part 10: Non-Standard Provision(s): Signatures Required

Non-Standard Provisions Requiring Separate Signatures:

☒ NONE

☐ Explain here:

Any non-standard provisions placed elsewhere in this plan are ineffective.

## Signatures

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Plan.

By signing and filing this document, the debtor(s), if not represented by an attorney, or the attorney for the debtor(s) certify that the wording and order of the provisions in this Chapter 13 Plan are identical to Local Form, *Chapter 13 Plan and Motions*, other than any non-standard provisions included in Part 10.

I certify under penalty of perjury that the above is true.

Date: 12/28/2019

/s/ David B. Field
Debtor

Date: 12/28/2019

/s/ Denise L. Field
Joint Debtor

Date: 12/28/2019

/s/ Victoria A. Steffen
Attorney for Debtor(s)

United States Bankruptcy Court
District of New Jersey

In re:                                                                  Case No. 17-30877-JNP
David B. Field                                                          Chapter 13
Denise L. Field
        Debtors

# CERTIFICATE OF NOTICE

District/off: 0312-1         User: admin              Page 1 of 2              Date Rcvd: Dec 30, 2019
                             Form ID: pdf901         Total Noticed: 34

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Jan 01, 2020.
```
db/jdb         David B. Field,    Denise L. Field,    37 Meadow Creek Dr,    Cape May Court House, NJ   08210-1138
cr            +NATIONSTAR MORTGAGE LLC,    C/O Robertson, Anschutz & Schneid P.L.,    6409 Congress Ave,
               Suite 100,    Boca Raton, FL   33487,    UNITED STATES 33487-2853
517122379      Barclays Bank Delaware,    PO Box 8802,    Wilmington, DE  19899-8802
517375282      CACH, LLC its successors and assigns as assignee,    of Prosper Funding LLC,
               Resurgent Capital Services,    PO Box 10587,    Greenville, SC 29603-0587
517122380      Cape May Family Dental,    3151 Route 9 S # 4,    Rio Grande, NJ   08242
517122383     +Lyons,Doughty & Veldhuis,    136 Gaither Dr Ste 100,    Mount Laurel, NJ 08054-2239
518434185     +MidFirst Bank,    Rebecca A. Solarz, Esquire,    216 Haddon Avenue, Ste. 406,
               Westmont, NJ 08108-2812
518446348     +MidFirst Bank,    Bankruptcy Department,    999 NW Grand Boulevard, #110,
               Oklahoma City, OK 73118-6051
518446349     +MidFirst Bank,    Bankruptcy Department,    999 NW Grand Boulevard, #110,
               Oklahoma City, OK 73118-6077,    MidFirst Bank,    Bankruptcy Department 73118-6051
517122385      Nationstar Mortgage LLC,    8950 Cypress Waters Blvd,    Coppell, TX   75019-4620
517222409     +Nationstar Mortgage LLC,    Nationstar Mortgage LLC,    ATTN: Bankruptcy Dept,    PO BOX 619094,
               Dallas, TX 75261-9094
517122388      Pressler & Pressler,    7 Entin Rd,    Parsippany, NJ   07054-5020
517122391      Trojan Professional Services,    PO Box 1270,    Los Alamitos, CA   90720-1270
517122393      Wells Fargo Auto Finance,    Bankruptcy Dept,    435 Ford Rd Ste 300,
               Saint Louis Park, MN   55426-4938
517194343      Wells Fargo Bank N.A.,,    d/b/a Wells Fargo Dealer Services,    PO Box 19657,
               Irvine, CA 92623-9657
517255889      Wells Fargo Bank, N.A.,    PO Box 10438, MAC F8235-02F,    Des Moines,   IA     50306-0438
517122394      Wells Fargo Financial National Bank,    PO Box 10475,    Des Moines, IA 50306-0475
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
smg            E-mail/Text: usanj.njbankr@usdoj.gov Dec 30 2019 23:26:59       U.S. Attorney,    970 Broad St.,
               Room 502,    Rodino Federal Bldg.,    Newark, NJ  07102-2534
smg           +E-mail/Text: ustpregion03.ne.ecf@usdoj.gov Dec 30 2019 23:26:57       United States Trustee,
               Office of the United States Trustee,    1085 Raymond Blvd.,    One Newark Center,    Suite 2100,
               Newark, NJ 07102-5235
517206279      E-mail/PDF: AIS.cocard.ebn@americaninfosource.com Dec 30 2019 23:29:27
               Capital One Bank (USA), N.A.,    PO Box 71083,    Charlotte, NC   28272-1083
517122381      E-mail/PDF: AIS.cocard.ebn@americaninfosource.com Dec 30 2019 23:29:27
               Capital One Bank (USA), N.A.,    PO Box 30285,    Salt Lake City, UT  84130-0285
517122382      E-mail/PDF: gecsedi@recoverycorp.com Dec 30 2019 23:29:26       JC Penney/Synchrony Bank,
               PO Box 965007,    Orlando, FL  32896-5007
517220286     +E-mail/Text: bankruptcydpt@mcmcg.com Dec 30 2019 23:26:57       MIDLAND FUNDING LLC,
               PO BOX 2011,    Warren MI 48090-2011
517122384      E-mail/Text: bankruptcydpt@mcmcg.com Dec 30 2019 23:26:57       Midland Funding LLC,
               2365 Northside Dr Ste 300,    San Diego, CA  92108-2709
517122387      E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Dec 30 2019 23:40:46
               Portfolio Recovery Associates, LLC,    120 Corporate Blvd,    Norfolk, VA  23502-4962
517215044      E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Dec 30 2019 23:41:11
               Portfolio Recovery Associates, LLC,    c/o Barclaycard,    POB 41067,    Norfolk VA 23541
517337327      E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Dec 30 2019 23:41:39
               Portfolio Recovery Associates, LLC,    c/o Capital One Bank, N.a.,    POB 41067,
               Norfolk VA 23541
517242525      E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Dec 30 2019 23:41:11
               Portfolio Recovery Associates, LLC,    c/o JC Penney,    POB 41067,    Norfolk VA 23541
517122386      E-mail/Text: BNC-ALLIANCE@QUANTUM3GROUP.COM Dec 30 2019 23:26:39       Pier One/Comenity Bank,
               Bankruptcy Dept.,    PO Box 182125,    Columbus, OH  43218-2125
517122389      E-mail/Text: bankruptcy@prosper.com Dec 30 2019 23:27:24       Prosper Marketplace,
               221 Main St # 300,    San Francisco, CA  94105-1909
517365036      E-mail/Text: bnc-quantum@quantum3group.com Dec 30 2019 23:26:52
               Quantum3 Group LLC as agent for,    MOMA Funding LLC,    PO Box 788,    Kirkland, WA  98083-0788
517122390      E-mail/PDF: resurgentbknotifications@resurgent.com Dec 30 2019 23:40:51       SquareTwo Financial,
               PO Box 5980,    Denver, CO  80217-5980
517122642     +E-mail/PDF: gecsedi@recoverycorp.com Dec 30 2019 23:29:55       Synchrony Bank,
               c/o of PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
517122392      E-mail/PDF: gecsedi@recoverycorp.com Dec 30 2019 23:29:23       Walmart-Synchrony Bank,
               PO Box 965024,    Orlando, FL  32896-5024
                                                                                              TOTAL: 17
```

          ***** BYPASSED RECIPIENTS *****
NONE.                                                                                          TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

```
District/off: 0312-1           User: admin              Page 2 of 2              Date Rcvd: Dec 30, 2019
                               Form ID: pdf901          Total Noticed: 34
```

***** BYPASSED RECIPIENTS (continued) *****

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jan 01, 2020                                           Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on December 30, 2019 at the address(es) listed below:
              Denise E. Carlon    on behalf of Creditor   MidFirst Bank dcarlon@kmllawgroup.com,
               bkgroup@kmllawgroup.com
              Isabel C. Balboa    ecfmail@standingtrustee.com,   summarymail@standingtrustee.com
              Isabel C. Balboa    on behalf of Trustee Isabel C. Balboa ecfmail@standingtrustee.com,
               summarymail@standingtrustee.com
              Kevin M. Buttery    on behalf of Creditor   NATIONSTAR MORTGAGE LLC bkyefile@rasflaw.com
              Laura M. Egerman    on behalf of Creditor   NATIONSTAR MORTGAGE LLC bkyecf@rasflaw.com,
               bkyecf@rasflaw.com;legerman@rasnj.com
              Rebecca Ann Solarz     on behalf of Creditor   MidFirst Bank rsolarz@kmllawgroup.com
              Sindi  Mncina    on behalf of Creditor   NATIONSTAR MORTGAGE LLC smncina@rascrane.com
              U.S. Trustee    USTPRegion03.NE.ECF@usdoj.gov
              Victoria A. Steffen    on behalf of Joint Debtor Denise L. Field vsteffen@verizon.net,
               G30369@notify.cincompass.com
              Victoria A. Steffen    on behalf of Debtor David B. Field vsteffen@verizon.net,
               G30369@notify.cincompass.com
                                                                                             TOTAL: 10
```